IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30113
Summary Calendar

_____


E.J.S., INC.,
and
LUCILLE LABICHE SCHEXNAYDER,

                               Plaintiffs-Appellants,

VERSUS

EXXON PIPELINE COMPANY,

                               Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(94 CV 650)

_____

July 26, 1995

Before GARWOOD, SMITH, AND BENAVIDES, Circuit Judges.

PER CURIAM:[*]


    The plaintiffs challenge a summary judgment denying their
attempt to assert the invalidity of a pipeline easement.  We find
no error and affirm.

    The right of way agreement was executed in 1951 by Alphonse
Labiche, on his behalf and as agent and attorney in fact for his

_____

[*] Local Rule 47.5.1 provides:  "The publication of opinions that have no
precedential value and merely decide particular cases on the basis of well-
settled principles of law imposes needless expense on the public and burdens
on the legal profession."  Pursuant to that rule, the court has determined
that this opinion should not be published.

daughters, including plaintiff Lucille Schexnayder. The plaintiffs argue that the "Instrument of Procuration," executed in 1944 by Schexnayder, was not sufficient to give Labiche the power to grant the easement.

We agree with the district court that the instrument was sufficient. It designated Labiche to be his daughter's "true and lawful Attorney in fact, general and special," and granted him "full power and authority . . . to conduct . . . all and singular her affairs, business and concerns of whatever nature or kind, without any exception or reservation whatsoever [,and] to sell, transfer and convey or to mortgage and effect all or any part or parts of [her] real, personal or mixed estate [and] to lease, let or hire all or any part of [her] real estate [and] to make, sign and execute in [her] name all acts, whether of sale, mortgage, . . . deed, agreement or otherwise . . . ."

The plaintiffs assert that a power of attorney must be more specific in regard to real estate. They cite two cases in this respect; neither assists them.

In Tomlinson v. Allen, 92 So. 727 (La. 1922), the defendant contracted with a company to find buyers for his land. The court held that the contract was not specific enough to permit that company actually to effect the transactions without defendant's specific involvement. The agreement, in other words, was not specific enough to authorize transactions in real estate, in sharp contrast to the Instrument of Procuration at issue here.

In Lake v. LeJeune, 74 So. 2d 899 (La. 1954), the plaintiffs

2

sought to obtain title to land based upon an alleged offer to purchase made to, and accepted by, the then-owners. The court held that "the petition clearly shows that plaintiffs dealt with the attorneys for the [defendants]; and nowhere therein is it recited that such attorneys were authorized to bind their clients to a contract of sale . . . . [T]he existence of a relationship of attorney and client does not give rise to a presumption that the attorney has authority . . . to dispose of his client's property." Id. at 901.

In short, the right of way in question was properly conveyed, leaving plaintiffs with no valid claim. The summary judgment is AFFIRMED.

3